

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 9, 1967

Honorable Jack N. Fant
County Attorney
El Paso County
El Paso, Texas

Opinion No. M-35

Re: What tax may the
County and City of
El Paso each levy
on each coin-operated
billiard table in its
area, and related
question.

Dear Mr. Fant:

You have requested the opinion of this office as to what occupation tax, if any, the City and County of El Paso may each levy on each coin-operated billiard table in its area. In addition, you inquire as to what power and authority the County and City have to levy and collect an occupation tax on each not-coin-operated billiard table.

Article 7048, Vernon's Civil Statutes, in pertinent parts, provides as follows:

"Each commissioners court . . . shall have the right to levy one-half of the occupation tax levied by the State upon all occupations <u>not herein otherwise specially exempted</u>; . . ."

"The governing body of any incorporated town or city shall in no case levy a greater tax on any occupation than that authorized by this Chapter to be levied by the commissioners court." (Emphasis supplied throughout.)

In 1959, the Legislature enacted Title 122A, Taxation-General, by which it provided a comprehensive enactment by rearranging, revising by amendment, and repealing certain statutes. In Section 7(b) thereof, a list of statutes is expressly repealed, among which are a number of sections of Article 7047 and in particular, Articles 7047a-2 through 7047a-18, the Coin-Operated Machines Tax. There was no authority to tax not-coin-operated machines in Article 7047 at the time of its repeal in 1959.

- 163 -

Title 122A provides in Section 3 that the enactment should be construed as follows:

"With respect to the provisions of this Act which tax transactions subject to taxation by the State prior to the effective date of this Act, this Act shall be considered to be the equivalent of a revision by amendment even though it is in the form of an enactment of new law and repeal of the old law. This Act shall be construed to make a substantive change in the prior law only where the language of this Act manifests a clear intent to make such a change."

The caption of the Bill states that it is "An Act revising and rearranging certain statutes of Title 122 'Taxation'" and the emergency clause states, "The necessity for revising and rearranging the taxes referred to in this Act . . ."

From the above guides to construction and from the canons of construction under the general law, it is abundantly clear that the controlling factor in interpreting the statutes in question must be the legislative intent as evidenced from the entire Act, including those statutes brought forward and amended or rearranged in Title 122A. 53 Tex.Jur.2d 191, Statutes; also, Sec. 130; p. 229, Sec. 160, Statutes.

It is, therefore, necessary to examine the wording of the particular statute in Title 122A to see if its language "manifests a clear intent to make . . . a change" in regard to the authority of counties and cities to tax coin-operated and not-coin-operated machines.

In Chapter 1 of Title 122A, entitled "General Provisions," the Legislature set up provisions which govern all of the specific kinds of taxes with which the Legislature dealt in the following Chapters 2 through 23. In Article 1.09, being a part of Chapter 1, the Legislature specifically spoke as to the taxing authority of counties and cities, as follows:

"No city, county or other political subdivision may levy an occupation tax levied by this Act unless specifically permitted to do so by the Legislature of the State of Texas."

It is thus evident that this limitation was intended to operate on or govern the kinds of taxes specifically dealt with in the other Chapters of Title 122A.

In Chapter 13, Article 13.02 (1), the Legislature specifically dealt with coin-operated machines and billiard tables, levying a $10.00 tax thereon and specifically permitting both counties and cities to levy an occupation tax thereon as follows:

> ". . . Provided that all counties and cities within this State may levy an occupation tax on coin-operated machines in this State in an amount not to exceed one-half ($\frac{1}{2}$) of the State tax levied herein."

In Chapter 19, Article 19.01, the Legislature specifically dealt with and levied an annual occupation tax on certain miscellaneous occupations, and in subdivision (10), not-coin-operated, Billiard Tables, a tax of $5.00 for each billiard table was levied, specially permitting or authorizing cities and towns, but omitting counties, as follows:

> "All cities and towns . . . shall have the power and authority to levy and collect a tax, equal to one-half ($\frac{1}{2}$) of the amount herein levied . . ."

It is thus seen that the legislative intent is evidenced by failing to permit or authorize counties to tax not-coin-operated billiard tables or machines. Under Article 1.09, Taxation-General, before counties may levy an occupation tax on same, such specific permission must be authorized by the Legislature.

Giving the legislative intent controlling effect from the above statutes, we find that such clear intent was manifested by the Legislature in failing to grant to counties the authority to levy an occupation tax on not-coin-operated machines.

## S U M M A R Y

Under Article 7048 and Articles 1.09, 13.02(1) and 13.14, Title 122A, Taxation-General, Vernon's Civil Statutes, both cities

and counties may each levy an annual occupation tax in an amount not to exceed $5.00 on each coin-operated billiard table in their areas.

Under Article 7048, Articles 1.09 and 19.01(10), Title 122A, Taxation-General, Vernon's Civil Statutes, the cities do have the power and authority to levy and collect an annual occupation tax of $2.50 on each not-coin-operated billiard table in their areas.

Under Article 7048, Articles 1.09 and 19.01(10), counties have no power to levy and collect a tax on each not coin operated billiard table in their areas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns B. Taylor
Assistant Attorney General
KBT/lr

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
W. E. Allen
Arthur Sandlin
Gordon Cass
Wade Anderson

STAFF LEGAL ASSISTANT:
A. J. Carubbi, Jr.